## BOWIE *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 9, September Term, 1962.]

*Decided October 31, 1962.*

Before the full Court.

PER CURIAM.

In this application for leave to appeal from a denial of post conviction relief, the only point raised by the petitioner that is worthy of discussion is his claim that the second count of the indictment, upon which he was convicted, charged rape rather than assault with intent to rape. Since he was acquitted

on the first count charging rape, he invokes the rule against double jeopardy, as well as contending that the conviction on the second count was illegal and unconstitutional, being for an offense not charged therein. The point as to double jeopardy was finally litigated in *Bowie v. Warden,* 201 Md. 648, although Chief Judge Markell, for this Court, remarked that the indictment was not in the record. Cf. *Plater v. Warden,* 220 Md. 673.

On the point of illegal sentence Judge Manley, in the court below, stated that "the statement by the petitioner that he was found guilty of assault with intent to rape is contrary to the record." Yet the docket entries show that he was convicted of assault with intent to rape, and the second count was at least ambiguous in form. Under the circumstances we are constrained to remand the case for further consideration of that point by Judge Manley, without affirmance or reversal. We intimate no opinion as to whether the point was finally litigated in *Bowie v. Warden, supra,* or whether a defect in the indictment could be reviewed in this proceeding.

> *Leave to appeal granted and case remanded without affirmance or reversal for further proceedings.*